UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
ADELPHIA RECOVERY TRUST,             )
                                      )
              Plaintiff,              ) Nos. 1:09-cv-00215 (RJA)
                                      )       (and related cases
       vs.                            )       1:07-CV-00553A (RJA),
                                      )       1:07-CV-555A (RJA),
HSBC BANK USA NATIONAL ASSOCIATION, et al., )  1:07-CV-554A)
                                      )
              Defendants.             )
                                      )
                                      )
---------------------------------------------------------------x

**Stipulation of Dismissal of Fleet National Bank**

WHEREAS, pursuant to the Order with Respect to Settlement Agreement Between the Adelphia Recovery Trust and the Bank Defendants, signed November 18, 2010 (Docket No. 1368) in *Adelphia Recovery Trust v. Bank of America, N.A.*, Case No. 05 Civ. 9050 (LMM) in the United States District Court for the Southern District of New York ("Order Approving Settlement"), Adelphia Recovery Trust has settled and compromised all its rights, claims, and actions against Fleet National Bank, including any and all claims asserted in the above-captioned actions.

WHEREAS, consistent with the Order Approving Settlement and subject to the remaining parties' preservation of rights reflected in paragraph 2 below, the parties hereby stipulate and agree to the dismissal of Fleet National Bank in the above-captioned actions pursuant to Rule 41 of the Federal Rules of Civil Procedure.

IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1.     Fleet National Bank is dismissed from the above-captioned actions with prejudice.

2. The remaining parties, including HSBC Bank USA, National Association, Key Bank National Association and Adelphia Recovery Trust, reserve all rights, claims, and defenses including those preserved by the attached Order Approving Settlement (Exhibit A) and the attached November 16, 2010 Agreement (Exhibit B) between the Adelphia Recovery Trust, HSBC Bank USA, National Association, and Key Bank National Association referenced therein.

3. All costs incurred between Fleet National Bank and any other party shall be borne by the party incurring same.

Dated: October 7, 2011

| **For the Adelphia Recovery Trust:** | **For Key Bank National Association** |
|---|---|
| /s/ David J. Shapiro | /s/ Rebecca Brazzano |
| David M. Friedman | Rebecca Brazzano |
| David J. Shapiro | Stephen D. Williger |
| KASOWITZ, BENSON, TORRES & FRIEDMAN LLP | Gregory P. Photiadis |
| | THOMPSON HINE LLP |
| 1633 Broadway | 335 Madison Avenue |
| New York, NY 10019 | New York, NY 10017 |
| (212) 506-1700 | 212-344-5680 |

**For HSBC Bank USA, National Association**

**For Fleet National Bank**
/s/ Mark J. Schlant
Mark J. Schlant
ZDARSKY, SAWICKI & AGOSTINELLI LLP
404 Cathedral Place
298 Main Street
Buffalo, NY 14202

/s/ William J. Brown
William J. Brown
Angela Z. Miller
PHILLIPS LYTLE LLP
3400 HSBC Center
Buffalo, NY 14203
716-847-7089

Richard D. Anigian
Debra J. McComas
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
(214)-651-5000

**IT IS SO ORDERED:**

_____
Honorable Richard J. Arcara
United States Judge

Dated: October ___, 2011

# Exhibit A

Case 1:07-cv-00555-RJA   Document 18   Filed 10/07/11   Page 4 of 14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
ADELPHIA RECOVERY TRUST,           :   No. 05 Civ. 9050 (LMM)
                                   :
            Plaintiff,             :
                                   :
    - against -                    :
                                   :
BANK OF AMERICA, N.A., et al.,     :
                                   :
            Defendants.            :
---------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/18/2010

**ORDER WITH RESPECT TO SETTLEMENT AGREEMENT BETWEEN THE
ADELPHIA RECOVERY TRUST AND THE BANK DEFENDANTS**

Upon the motion (the "Motion") of plaintiff, Adelphia Recovery Trust (the "Trust"), for entry of an Order With Respect To Settlement Agreement Between The Trust And The Bank Defendants ("Settlement Agreement")[1], the Court, having considered objections, if any, to the Motion, finds as follows:

    a.    The Court has jurisdiction over the Motion, the Settlement Agreement and all of the terms and conditions contained therein;

    b.    Notice of the Motion, which was served on all Parties as well as on all record holders of certificates in the Trust and on other interested Persons, and the opportunity for a hearing on the Motion, were adequate and appropriate under the circumstances;

    c.    The Trust and the Bank Defendants negotiated at arm's length and in good faith to reach agreement on all the matters resolved through the Settlement Agreement;

    d.    The Trustees have exercised valid and proper business judgment in causing the Trust to enter into the Settlement Agreement, which is fair to, and in the

---
[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

1

best interests of, the Trust;

e. The Trust has all requisite power and authority to execute, deliver and perform its obligations under the Settlement Agreement, and the Settlement Agreement constitutes the legal, valid and binding obligation of the Trust and the Bank Defendants and is enforceable against them in accordance with its terms; and

f. The Settlement Agreement resolves claims that belong to the Trust, which is the lawful owner of the claims that are released pursuant to the Settlement Agreement. The Plan Administrator (under and as defined in the Bankruptcy Plan) and Adelphia have consented to the entry of this Order and the Settlement Agreement.

BASED ON THE FOREGOING FINDINGS, IT IS HEREBY ORDERED THAT:

1. The Motion shall be, and hereby is, granted;

2. Any modification of this Order in connection with any appeal will not undo actions taken, transfers or distributions made, or releases granted in reliance upon the entry of this Order and the occurrence of the Approval Date;

3. The prosecution of any claim for contribution or indemnification against any and all Bank Defendant Releasees by any Person that is sued by the Trust (or Adelphia) and that is not a party to the Settlement Agreement is hereby barred and enjoined to the extent that the claim for contribution or indemnification is based upon, relates to, arises from or is otherwise in any way connected to the Chapter 11 Cases, the Action, the Complaint, the Counterclaims, or any of the allegations in the Complaint or the Counterclaims, provided however that nothing in this Order shall adversely affect the rights of HSBC Bank USA, National Association ("HSBC"), Key Bank, National Association ("Key") or the Trust under the letter agreement

between and among those entities, dated November 16, 2010, pursuant to which HSBC and Key withdrew their Limited Objection to the Settlement Agreement;

4. This Order approves and adopts paragraph 14(b) of the Settlement Agreement regarding the return, destruction, and confidentiality of documents, which provision will supersede any contrary terms contained in the August 11, 2008 Confidentiality Stipulation and Protective Order;

5. The Action is dismissed with prejudice effective upon the occurrence of the Release Effective Date, and the Parties shall file a notice of dismissal with the Court, which shall be entered on the docket by the clerk of the Court;

6. The Plan Administrator is hereby authorized to distribute funds, other than Grid Interest as defined in the JV Plan, to holders of Bank Claims whose distributions were withheld pursuant to section 5.2(c)(v) of the Plan and sections 4.17(c)(i) and 4.22(c)(i) of the JV Plan, upon the Plan Administrator's receipt of a written request for payment coupled with: (i) evidence sufficient to demonstrate the claimant's entitlement to payment; (ii) its representation that it has not transferred or assigned its right to the distribution to a third party; (iii) its agreement it will not transfer its right to its claim to a third party prior to receiving the distribution; and the Plan Administrator shall be entitled to rely, and shall have no liability for relying, upon the foregoing request, evidence and representation; and;

3

7. The Court retains jurisdiction over matters relating to the performance or any breach of the Settlement Agreement.

_____
Honorable Lawrence M. McKenna
United States District Judge

Dated: November 18, 2010

# **Exhibit B**

## AGREEMENT

This Agreement is made and entered into this 16th day of November, 2010 by and between the Adelphia Recovery Trust, formerly known as the Adelphia Contingent Value Vehicle, a Delaware statutory trust ("Trust") on the one hand, and HSBC Bank USA, National Association ("HSBC") and Key Bank, National Association ("Key") on the other hand (collectively referred to as the "Parties").

WHEREAS, on October 18, 2010, the Trust notified the Court in the case of *Adelphia Recovery Trust vs. Bank of America, N.A.*, et al, pending in the United States District Court for the Southern District of New York, Case No. 05-Civ. 9050 (LMM) (the "Bank Litigation") that a settlement had been reached between the Trust and several of the defendants (which are referred to in the Settlement Agreement as Bank Defendant Releasees) including Bank of America, N.A. as successor in interest to Fleet National Bank ("Fleet"), such final executed agreement being filed in that action on November 10, 2010 (Docket No. 1364-1) (the "Settlement Agreement");

WHEREAS, in connection with the Settlement Agreement, the Trust sought entry of a court order in the Bank Litigation providing, in part, that "the prosecution of any claim for contribution or indemnification against any and all Bank Defendant Releases by any Person that is sued by the Trust (or Adelphia) and that is not a party to the Settlement Agreement is hereby barred and enjoined to the extent that the claim for contribution or indemnification is based upon, relates to, arises from or is otherwise in any way connected to the Chapter 11 Cases, the Action, the Complaint, the Counterclaims, or any of the allegations in the Complaint or the Counterclaims" (the "Bar Language");

WHEREAS, neither HSBC nor Key are parties to the Bank Litigation or the Settlement Agreement as a result of a Memorandum and Order entered March 5, 2009 (Docket No. 954) in which claims against HSBC, Key, and Fleet were severed and transferred to the Western District of New York District Court and remain pending in Case Nos. 1:09-cv-00215-RJA and related cases 07-cv-00553-RJA, 07-cv-00554-RJA and 07-cv-00555-RJA (collectively, the "Sabres Action").

WHEREAS, due to the Bar Language, however, HSBC and Key filed a Limited Objection to the Settlement Agreement on November 8, 2010 (Docket No. 1359);

WHEREAS, the Parties wish to resolve the Limited Objection as set forth herein;

NOW, THEREFORE, in consideration of the promises set forth herein, the sufficiency of which are hereby acknowledged, and subject to the conditions set forth below, the Parties agree as follows:

1. For ease of reference, capitalized terms used herein and not otherwise defined shall have the meaning assigned to them in the Settlement Agreement.

2. Notwithstanding any other language, terms and conditions set forth in the Settlement Agreement or any court order in the Bank Litigation relating to said Settlement Agreement, the Trust agrees as follows:

> If the Trust obtains a judgment against HSBC or Key (a "Judgment Defendant") on any claims for which the Judgment Defendant has or may have a claim for contribution or indemnification against Fleet (a "Joint Claim"), the Trust shall reduce the amount of the Joint Claim judgment by the percentage of Fleet's responsibility, if any, as determined in the action in which the judgment against the Judgment Defendant is obtained; provided, however, that nothing contained in this Agreement shall preclude the Trust from seeking to establish, before or at trial or on appeal, (i) that the Judgment Defendant has no

- 2 -

right of contribution or indemnification against Fleet that should result in a reduction of the Joint Claim judgment, in which case, if the Trust prevails, no reduction of the Joint Claim judgment shall occur, or (ii) in order to prevent a double reduction of the Joint Claim judgment that Fleet's pro rata share for the Joint Claim judgment is equal to or lower than the Settlement Amount, in which case, if the Trust prevails, the Joint Claim judgment shall be reduced only if the Joint Claim judgment does not already reflect a reduction for the Settlement Amount, and in such case, the maximum amount by which the Joint Claim judgment may be reduced shall be the Settlement Amount (but in all events no greater amount than the percentage of Fleet's responsibility, if any).

The Parties agree that in the action in which the judgment against the Judgment Defendant is sought, each consents to the determination of percentage of responsibility of Fleet for the Joint Claim, if any, without the necessity of Fleet being joined as a party.

3. Upon the Parties' execution of this Agreement, HSBC and Key will withdraw their Limited Objection, and the Trust will file and seek approval of a new proposed order approving the Settlement Agreement in the Bank Litigation, which includes the following language:

> "provided however that nothing in this Order shall adversely affect the rights of HSBC Bank USA, National Association, Key Bank National Association or the Trust under the Agreement between and among those entities, dated November 16, 2010, pursuant to which HSBC and Key withdrew their Limited Objection to the Settlement Agreement".

4. This Agreement shall be governed by, interpreted under, and enforced in accordance with the internal laws of the State of New York.

5. This Agreement may be executed in separate and identical counterparts, all of which shall constitute a single agreement, and Portable Document Format (PDF) copies shall be deemed originals.

IN WITNESS WHEREOF, the Parties having agreed to the foregoing terms of his Agreement, have executed this Agreement as of the date first set forth above.

Kasowitz, Benson, Torres & Friedman LLP

By _*(signed)*_

Name HOWARD W. SCHUB

Attorneys for the Adelphia Recovery Trust, formerly known as The Adelphia Contingent Value Vehicle

PHILLIPS LYTLE LLP

By _____

Name Angela Z. Miller

Attorneys for HSBC Bank USA, National Association

THOMPSON HINE LLP

By _*(signed)*_

Name Jennifer A. Lesny Fleming

Attorneys for Key Bank National Association

Doc. No. 01.2412441.2

IN WITNESS WHEREOF, the Parties having agreed to the foregoing terms of his Agreement, have executed this Agreement as of the date first set forth above.

Kasowitz, Benson, Torres & Friedman LLP

By _*/s/ Howard Schub*_

Name HOWARD W. SCHUB

Attorneys for the Adelphia Recovery Trust, formerly known as The Adelphia Contingent Value Vehicle

PHILLIPS LYTLE LLP

By _*/s/ Angela Z. Miller*_

Name Angela Z. Miller

Attorneys for HSBC Bank USA, National Association

THOMPSON HINE LLP

By _____

Name Jennifer A. Lesny Fleming

Attorneys for Key Bank National Association

Doc. No. 01.2412441.2

- 4 -